GARY HAASE, AN INFANT BY HIS GUARDIAN *AD LITEM* JOHN HAASE, AND JOHN HAASE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. NORTH HUDSON SCRAP IRON CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued January 8, 1973—Decided February 20, 1973.

*Mr. Maurice B. McLaughlin* argued the cause for plaintiffs-appellants (*Mr. Edward J. Lynch,* attorney).

*Mr. William V. Roveto* argued the cause for defendant-respondent (*Messrs. Moser, Roveto & McGough,* attorneys).

PER CURIAM. In this infant trespasser personal injury suit against the property owner, the trial court, at the conclusion of the presentation of evidence by the plaintiffs, took the case away from the jury and granted defendant's motion for a dismissal of the complaint.[1] The Appellate Division affirmed in an unreported *per curiam* opinion. This Court granted certification. 62 *N. J.* 67 (1972).

The infant-plaintiff Gary Haase, a 13 year old boy, was injured by a flying piece of metal propelled by a metal cutting machine located in defendant's scrap metal yard. Haase and several other boys had entered defendant's yard after the workmen had left for the day. One of the pieces of equipment in the yard was a scissor-type metal cutting machine. Apparently the electric power to the machine had not been turned off at the control point and the boys were able to activate it by pushing a starter button on the machine. Haase was standing about three feet away from the machine while another boy was cutting sundry metal objects when he was struck in the head by a piece of flying metal.

The sole issue involved is whether plaintiffs' proofs were sufficient to present a jury issue of liability. In infant-trespasser cases New Jersey has consistently applied the rule of liability set forth in 2 *Restatement of Torts* 2d, § 339 (1965); *Simmel v. N. J. Coop Co.,* 28 *N. J.* 1 (1958). The provisions of section 339 of the *Restatement* pertinent to this appeal are as follows:

---

[1] The trial court was satisfied there was sufficient evidence of negligence and proximate cause, but found plaintiffs' case deficient in the respects hereinafter discussed.

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

\* \* \* \* \*

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it \* \* \*."

In the instant case the trial court ruled that plaintiffs had failed to satisfy conditions (a) and (c) of section 339. It held (1) there was no evidence that defendant knew or had reason to know that children were trespassing in a way that involved the particular piece of equipment which was the danger; (2) it affirmatively appeared that the infant-plaintiff realized it was dangerous to start the machine or to be near it. The Appellate Division upheld the dismissal on the ground that the infant-plaintiff "fully realized the machine was a source of danger and the fact that he was hurt in a manner he did not anticipate is immaterial."

We conclude that a jury question was presented as to both matters and that a dismissal should not have been entered. R. 4:37–2(b).

Defendant's employees were aware of numerous after-hours acts of trespass and vandalism in the yard and had attributed them to juveniles. They had chased children from the property several times. On one occasion the police, acting on a complaint from defendant, apprehended five or six boys in the yard. On another occasion about one week prior to the accident, an employee of defendant, upon arriving at work, found the cutting machine running and reported it to his boss. Based on the foregoing, a jury could have reasonably found that defendant knew or had reason to know of trespassing children in the area where the machine was located, and that their trespassing involved an unreasonable risk of injury to themselves because of the machine, particularly if the power to the machine was not turned off at the control point.

We also conclude that a jury issue was presented as to whether Haase did not realize the risk involved in standing a few feet away from the machine while another boy was operating it and cutting metal objects in its jaws. Haase admitted that he knew the machine was dangerous and "you could get hurt," but explained that when he said "hurt" he meant "if you ever fell against it, it could cut you, chop part of your arm, something off." He said he had no idea that the machine could shoot a piece of metal through the air.[2]

Realization of the risk involved means something more than mere awareness that "you could get hurt." It connotes appreciation of the danger involved rather than mere knowledge of the existence of the condition itself. *Prosser, Torts* (4th ed. 1971) § 59, p. 373. As in the case here, if it is fairly debatable whether the child, considering his age and degree of immaturity, really comprehended the extent of the danger to which he was exposing himself, a jury question as to realization is presented.

Reversed and remanded for retrial.

*For reversal and remandment*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN—6.

*For affirmance*—None.

---

[2] The record does not indicate that the machine was equipped with any kind of shield or other protective device. This might be relevant to the question of a person's awareness or lack thereof that the machine was capable of throwing off pieces of metal.